# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GREGORY STEVEN MILLER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-01339-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED**<br><br>**OBJECTIONS DUE: 30 DAYS** |

## I. INTRODUCTION AND FACTUAL BACKGROUND

On August 12, 2011, Plaintiff Carlos Gilbert Law ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this action against Defendant Gregory Steven Miller ("Miller"), a 7-Eleven employee, as well as "Doe" Defendants, including the 7-Eleven store manager, the 7-Eleven franchise owner, and/or the 7-Eleven Chief Executive Officer ("Doe Defendants" or, collectively, "Defendants").

Plaintiff's complaint alleges that on January 17, 2011, Plaintiff and Miller "got into a verbal confrontation," in which Miller called Plaintiff a racial epithet and informed Plaintiff that he was going to "kick [Plaintiff's] ass and kill [him]." (Doc. 1, p. 1.) Plaintiff "replied" that he would "do what's necessary to defend" himself. (Doc. 1, p.1.) Plaintiff denies having been on the 7-Eleven property. Nonetheless, Miller "flagged down" Officer Nathaniel McKinnon of the Merced Police

Department ("Officer McKinnon"); Miller then informed Officer McKinnon that Plaintiff threatened to kill Miller. (Doc. 1, pp. 1-2.) Consequently, Plaintiff was arrested and charged under California Penal Code Section 422, a felony, for making criminal threats. (Doc. 1, pp. 2, 13-16.) Plaintiff remained in jail on this "bogus charge" until it was "dismissed" by the Merced County District Attorney's Office on May 6, 2011. (Doc. 1, p. 2, *see also* p. 17.) Plaintiff seeks to sue Miller and Miller's 7-Eleven employers, the Doe Defendants, under the theory of respondeat superior, for violations of Plaintiff's First Amendment right to free speech and for slander. (Doc. 1, p, 2.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

## II.   DISCUSSION

### A.   Screening Requirement

In cases where the plaintiff is a prisoner proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### B.   Legal Standard

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.    Plaintiff Fails to Plead a Viable Federal Claim**

Plaintiff's only potential federal claim is his allegation that Miller violated Plaintiff's First Amendment right to free speech. (Doc. 1, p. 2.) Although Plaintiff states in a letter to the Court that he is "not submitting a 42 U.S.C. [Section] 1983 complaint" (Doc. 4, p. 1), the proper avenue to bring a "cause of action for violations of the federal Constitution and laws" is under Section 1983. *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "Title 42 U.S.C. § 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

The First Amendment states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." To plead a First Amendment claim, Plaintiff must allege some facts demonstrating that his rights are protected under that amendment and were impermissibly infringed upon by government officials. The United States Supreme Court has stated that, "[a]s a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936 (1982) (citation omitted). As the Ninth Circuit stated, "[t]he United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003). "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Id.* at 746-47 (citation omitted).

Here, Plaintiff alleges that Miller and the Doe Defendants, all private individuals and employees of 7-Eleven, a private corporation, violated Plaintiff's First Amendment rights. In a letter to the Court, Plaintiff expressly states that Miller and the Doe Defendants are 7-Eleven employees and "not state employees." (Doc. 4, p. 1 (emphasis omitted).) As such, Plaintiff acknowledges that Miller and the Doe Defendants are private individuals and not state actors.

For the conduct of a private person or entity to constitute state action, there must generally be two elements, including the exercise of a state-created right, privilege, or rule of conduct (state policy), and an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor). *Lugar*, 457 U.S. at 937.

"[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (citation omitted). Private entities have been treated as state actors only when they are controlled by a state agency, when they have "been delegated a public function by the State," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." *Id*. at 296 (citations omitted). Here, Plaintiff has pled no facts establishing that Defendants were state actors or that their conduct was controlled by and entwined with the government.

To the extent that Plaintiff may be attempting to assert a civil rights cause of action pursuant to Section 1983, that claim is also not viable. Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a claim pursuant to Section 1983, the vehicle for bringing a claim for Constitutional violations, a plaintiff must plead facts indicating that the defendant acted under color of state law at the time the act complained of was committed and that the defendant deprived the plaintiff of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson*

4

*v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law, and their conduct does not constitute state action. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

Accordingly, as Plaintiff has failed to plead a constitutional violation by any state actor, Plaintiff has not pled a cognizable federal claim.

**D.     The Court Declines to Exercise Supplemental Jurisdiction Over the State Law Claim**

Plaintiff only remaining claim is a California state law claim against Miller for slander. (Doc. 1, p. 2.) *See* Cal. Civ. Code §§ 44, 46. Presumably, Plaintiff's slander claim against Miller arises from the allegation that Miller falsely informed Officer McKinnon that Plaintiff threatened to kill Miller. (Doc. 1, p. 2.) As a result of Miller's purported accusation, Plaintiff was arrested and charged under California Penal Code Section 422 for making criminal threats. (Doc. 1, p. 2.) Plaintiff allegedly was incarcerated for four months for a crime he "did not [] commit," until the Merced County District Attorney's Office "'dismissed' the bogus charge."[1] (Doc. 1, p. 2.)

Since Plaintiff fails to state any cognizable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (". . . if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

---

[1] The exhibits included with Plaintiff's complaint seem to belie his allegations. Plaintiff attached to his complaint the underlying criminal complaint, which indicates that Plaintiff was charged with Count I, violation of Penal Code Section 422, making criminal threats (a felony) plus enhancements, and Court II, violation of Penal Code Section 148(a)(1), resisting an officer (a misdemeanor). (Doc. 1, pp. 13-16.) Plaintiff also attached to the complaint a copy of the minute order from the Superior Court of California, County of Merced, which indicates that Plaintiff pled no contest to Count II pursuant to a plea agreement. (Doc. 1, p. 17.) Count I and the enhancements were dismissed pursuant to a *Harvey* waiver (Doc. 1, p. 17), which allows the court to consider the dismissed charges at sentencing. *See People v. Beck*, 17 Cal. App. 4th 209, 215-16 (1993) (referencing *People v. Harvey*, 25 Cal. 3d 754, 757-58 (1979)). Pursuant to the plea agreement, Plaintiff was sentenced to serve six months in jail. (Doc. 1, p. 17.) As such, Plaintiff's allegation that the District Attorney's Office "dismissed" the felony charge of making criminal threats because it was "bogus" is not supported by Plaintiff's exhibits that show that the charge was dismissed in accordance with the plea agreement.

**E.     Leave to Amend is Not Proper**

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, however, such a correction is not possible. Plaintiff is suing Defendants for violation of his Constitutional rights. Defendants are not, as Plaintiff emphatically asserts, state employees but are instead private individuals who are employees of 7-Eleven, a private corporation. (Doc. 4, p. 1) As noted above, "[t]he United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc.*, 331 F.3d at 746. As Defendants are not state actors, they cannot be held liable for allegedly violating Plaintiff's First Amendment rights. As Plaintiff cannot plead a viable federal claim, the Court declines to assert supplemental jurisdiction over Plaintiff's state law claim. Accordingly, it is not possible for Plaintiff to amend his pleading to allege a viable federal cause of action against these Defendants.

### III.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim.[2]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     September 9, 2011**             /s/ Sheila K. Oberto
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The Court expresses no opinion as to the possibility that there may be some form of relief available to Plaintiff under state law because, in the absence of a viable federal claim, the Court declines jurisdiction over the state claim.